UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Calvin Wilson, #257562,                    )
                                           )    C/A No.  6:13-1864-TMC-KFM
                          Plaintiff,       )
                                           )    **Report and Recommendation**
vs.                                        )
                                           )
Officer Gladson; Greenville County; City of)
Greenville; Johnathan Reese; John Does, one)
through fifteen,                           )
                                           )
                          Defendants.      )
_____

        Plaintiff Calvin Wilson ("Plaintiff") files this case *pro se* and *in forma pauperis*

pursuant to 42 U.S.C. § 1983.[1]  Plaintiff alleges Defendants used excessive force against

him when they allowed their police dog to attack him, injuring his leg.  He seeks monetary

compensation.   As Plaintiff has failed to state a claim against Defendants Greenville

County and the City of Greenville, those defendants should be summarily dismissed as

parties to this suit.

*Pro Se* and *In Forma Pauperis* Review

        Under established local procedure in this judicial district, a careful review has been

made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915;

28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat.

1321 (1996). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which

permits an indigent litigant to commence an action in federal court without prepaying the

administrative costs of proceeding with the lawsuit.  To protect against possible abuses of

_____

        [1]Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Civil Rule
73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and
submit findings and recommendations to the District Court.

this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

Background and Discussion

Plaintiff is an inmate at Kershaw Correctional Institution.  Plaintiff alleges the use of excessive force by the two named individual defendants, who  are City of Greenville police officers.  ECF No. 1 at 3.  He admits that he initiated a high speed chase in Easley, South Carolina, on July 10, 2011, when he saw a patrol car following him.  ECF No. 1 at 4.  Plaintiff led the chase through Anderson County and into Greenville County until he crashed his car. After the crash, Plaintiff got out of the car, laid on the ground, and put his arms up to indicate surrender.  *Id.*  He complains that even as he surrendered, Defendant officers allowed a K-9 dog to attack him, biting him repeatedly on the leg.  *Id.*  The "John Doe" defendants are other officers who participated in the chase and subsequent arrest. ECF No. 1 at 5.  Plaintiff does not explain why he names Defendant Greenville County as a defendant, and he makes no allegations against that entity.

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

3

Plaintiff does not make any allegation against Greenville County, so he fails at the outset to state a claim against that defendant. Defendant City of Greenville likewise is entitled to summary dismissal.  A municipality cannot be held liable under § 1983 "solely because it employs a tortfeasor." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, "a plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694); *see also Kirby v. City of Elizabeth City, N. C.*, 388 F.3d 440, 451 (4th Cir.2004).  Here, Plaintiff has failed in his Complaint to identify any policy or custom of the City of Greenville that caused his rights to be violated.  Accordingly, he has failed to state a cognizable § 1983 claim against this defendant.  Plaintiff has failed to state a claim on which relief may be granted against Defendants City of Greenville and Greenville County, and they should therefore be dismissed as parties under § 1915(e)(2)(B)(ii).

Recommendation

Accordingly, it is recommended that the district court dismiss the case against Defendants City of Greenville and Greenville County *without prejudice* and without issuance and service of process.  *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  Plaintiff's attention is directed to the important notice on the next page.

s/ Kevin F. McDonald
United States Magistrate Judge

July 19, 2013
Greenville, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).