IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Calvin Wilson, ) | |
| ) | Civil Action No. 6:13-1864-TMC-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| City of Greenville, Johnathan Reese, ) | |
| John Does, and Officer Gladson, ) | |
| ) | |
| Defendants. ) | |

      The plaintiff, proceeding *pro se*, brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. In his amended complaint, the plaintiff alleged use of excessive force by defendants Gladson and Reese, whom he identifies as Greenville City police officers, when they arrested him on July 10, 2011. The plaintiff also alleged deliberate indifference to a serious medical need by the County of Greenville. On January 14, 2014, the County of Greenville was dismissed from the case based upon the plaintiff's failure to provide service documents necessary to prosecute his case against the County (doc. 47).

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

      On December 11, 2013, the defendant City of Greenville filed a motion to dismiss for failure to state a claim (doc. 40). The City also moved for dismissal of the plaintiff's complaint against any City officers named as John Doe defendants. On that same date, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion to dismiss and motion for summary judgment procedures and the

possible consequences if he failed to respond adequately. The plaintiff did not file a response. As the plaintiff is proceeding *pro se*, the undersigned filed a second order on January 23, 2014, giving the plaintiff through February 12, 2014 to file his response to the motion to dismiss (doc. 51). The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The plaintiff has not responded.

On January 27, 2014, defendants Gladson and Reese filed a motion for summary judgment (doc. 54). On January 28, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. The plaintiff has failed to respond.

On February 3, 2014, the proper form order (doc. 32) was returned as undeliverable and marked with a forwarding address. On February 4, 2014, the Clerk of Court remailed the order issued on January 23, 2014 (doc. 51) and the *Roseboro* order issued on January 28, 2014 (doc. 57) to the updated address.

.As the plaintiff is proceeding *pro se,* on March 6, 2014, the undersigned filed an order (doc. 60) giving the plaintiff through March 26, 2014, to respond to the motion for summary judgment by defendants Gladson and Reese (doc. 54). Again, the plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The plaintiff has failed to respond.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;

>(2) the amount of prejudice to the defendant caused by the delay;
>
>(3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
>(4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

On July 19, 2013, the plaintiff was ordered to notify the court of any address change, and he was advised that if he failed to do so and missed a deadline as a result, his case could be dismissed for violating the order (*see* doc. 8). The plaintiff failed to comply with the order. Furthermore, the plaintiff has not responded to the defendants' motions to dismiss and for summary judgment or the court's orders requiring him to respond. It is solely through the plaintiff's neglect, and not that of an attorney, that no responses have been filed. Meanwhile, the defendants are left to wonder when the action against them will be resolved. Accordingly, the undersigned concludes that the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution and failure to comply with orders of the court pursuant to Federal Rule of Civil Procedure 41(b). *See Ballard*, 882 F.2d at 95.

s/Kevin F. McDonald  
United States Magistrate Judge

March 27, 2014  
Greenville, South Carolina